[Cite as *State v. Grace*, 2016-Ohio-4989.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. Nos. | 15AP0022 |
|---|---|---|---|
| | | | 15AP0023 |
| Appellee | | | |
| | | | |
| v. | | | |
| | | APPEAL FROM JUDGMENT | |
| CARL GRACE | | ENTERED IN THE | |
| | | WAYNE COUNTY MUNICIPAL COURT | |
| Appellant | | COUNTY OF WAYNE, OHIO | |
| | | CASE Nos. | 2014-TRD-0643 |
| | | | 2014-CRB-0172 |

DECISION AND JOURNAL ENTRY

Dated: July 18, 2016

CARR, Presiding Judge.

{¶1} Appellant, Carl Grace, appeals the judgment of the Wayne County Municipal Court. This Court vacates Grace's sentence and remands for further proceedings.

I.

{¶2} On February 3, 2014, a complaint was filed in the Wayne County Municipal Court charging Grace with two counts of operating a vehicle under the influence of alcohol, one count of speeding, and one count of failure to wear a safety belt. In a separate complaint filed the same day, Grace was charged with possession of marijuana. All of the charges arose from a traffic stop that occurred on February 1, 2014.

{¶3} Grace pleaded not guilty to the charges at arraignment. The two cases were consolidated and the matter proceeded to a bench trial. At the conclusion of trial the judge took the matter under advisement. On June 24, 2014, the trial court issued journal entries in both

cases indicating that it found Grace guilty of all the charges. Despite never announcing its verdict in Grace's physical presence, the trial court proceeded to the sentencing phase, where Grace was physically present. The trial court sentenced Grace to a 12-month probationary period, suspended his driver's license, and imposed a series of fines. Grace's first two attempts to appeal were dismissed by this Court for want of a final, appealable order. After a third sentencing hearing, the trial court issued sentencing entries in both cases on April 30, 2015, and Grace filed a timely notice of appeal.

{¶4} On appeal, Grace raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

WHETHER THE TRIAL COURT VIOLATED THE DEFENDANT-APPELLANT'S RIGHT TO BE PRESENT FOR THE RETURN OF THE VERDICTS IN VIOLATION OF [CRIM.R. 43(A)].

{¶5} In his sole assignment of error, Grace contends that the trial court erred by announcing the verdict when he was not physically present. This Court agrees.

{¶6} Crim.R. 43(A)(1) provides, in pertinent part, that "the defendant must be physically present at every stage of the criminal proceeding and trial, including impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Absent a valid exception, such as waiver by the defendant, the trial court may not take a matter under advisement and issue a written decision in lieu of announcing the verdict and sentencing the defendant in his presence. *State v. Welch*, 53 Ohio St.2d 47, 48 (1978); *State v. Price*, 7th Dist. Mahoning No. 14 MA 28, 2015-Ohio-1199, ¶ 30-31.

{¶7} The State has conceded that this matter must be reversed and remanded, acknowledging that the trial court failed to announce the verdict in Grace's presence prior to

proceeding to sentencing. This case does not involve a scenario where the trial court notified the parties of its verdict in a journal entry and then subsequently announced its verdict in the presence of the defendant at the sentencing hearing. *See Shaker Heights v. Burns*, 8th Dist. Cuyahoga No. 70902, 1997 WL 156700 (Apr. 3, 1997) (holding that a trial court does not err by issuing a journal entry reflecting the verdict prior to announcing the verdict in the presence of the defendant at sentencing). Moreover, while it is common for a defendant to waive his or her right to be physically present for the return of a verdict in a bench trial, particularly in municipal court, no such waiver occurred in this case. It follows that this matter must be remanded for the trial court to announce its verdict in compliance with Crim.R. 43(A)(1). Moreover, as the trial court proceeded to sentencing prematurely in this matter, the sentence imposed by the trial court is vacated.

III.

{¶8} Grace's assignment of error is sustained. Grace's sentence is vacated. The judgment of the Wayne County Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment vacated,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

NORMAN R. "BING" MILLER, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.