[Cite as *State v. Ivey*, 2017-Ohio-4162.]

STATE OF OHIO                  )              IN THE COURT OF APPEALS
                               )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT               )

STATE OF OHIO                                 C.A. No.      28162

        Appellee

        v.                                    APPEAL FROM JUDGMENT
                                              ENTERED IN THE
DALE IVEY                                     COURT OF COMMON PLEAS
                                              COUNTY OF SUMMIT, OHIO
        Appellant                             CASE No.      CR 2003-12-3744

DECISION AND JOURNAL ENTRY

Dated: June 7, 2017

CARR, Judge.

{¶1}    Defendant-Appellant Dale Ivey appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms in part, vacates in part, and remands the matter for the issuance of a nunc pro tunc entry.

I.

{¶2}    In 2003, Ivey was indicted on one count of aggravated murder, one of count of murder, and one count of escape. The matter proceeded to a jury trial, after which, the jury found him guilty of all counts. After finding that the charges of aggravated murder and murder were of dissimilar import, the trial court sentenced Ivey to life imprisonment with parole eligibility after 20 full years for the crime of aggravated murder, 15 years to life for the crime of murder, and 8 years for the crime of escape. The trial court ordered the sentence for escape to run consecutively to the sentences for aggravated murder and murder, which were ordered to run concurrently to each other. The trial court stated at the sentencing hearing that "the parole board

* * * may impose a period of post-release control possibly up to five or more years[]" and in the entry stated that Ivey was "subject to post-release control to the extent the parole board may determine as provided by law."

{¶3} Ivey filed a notice of appeal in 2004; however, the appeal was dismissed after he failed to file a brief. Years later, Ivey began filing various motions in the trial court. In October 2015, he filed the motion that led to his resentencing and this appeal: a motion for resentencing based upon errors in his post-release control notification and in the trial court's failure to merge his aggravated murder and murder convictions. The State conceded both errors and agreed that Ivey should be resentenced.

{¶4} On February 23, 2016, the trial court held what amounted to a de novo resentencing hearing. The trial court merged Ivey's aggravated murder and murder convictions, sentencing him to life imprisonment with parole eligibility after 20 years on the aggravated murder charge. The trial court sentenced him to 8 years on the escape charge and ordered that sentence to run consecutively to the sentence for aggravated murder. At the sentencing hearing, the trial court notified Ivey that he would be subject to a mandatory term of 3 years of post-release control; however, the March 3, 2016 sentencing entry states that he would be subject to 5 years of post-release control. On March 11, 2016, the trial court issued a nunc pro tunc entry to correct the name of counsel appointed for Ivey's appeal.

{¶5} Ivey has appealed both the March 3, 2016, and the March 11, 2016 entries, raising five assignments of error for our review.

II.

{¶6} Before addressing the merits of the appeal, we address whether the trial court had jurisdiction to conduct a de novo resentencing of Ivey. Ivey's 2004 sentencing entry was a final,

appealable order. *See State v. McIntyre*, 9th Dist. Summit No. 27670, 2016-Ohio-93, ¶ 10 (listing the elements necessary for a final, appealable order in a criminal case). "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment. Once a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." (Internal quotations and citations omitted.) *Id.* at ¶ 11. However, trial courts do "retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment[.]" *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20.

{¶7} In the instant matter, Ivey's post-release control notification at both the original sentencing hearing and in the 2004 entry was deficient. Ivey was subject to post-release control based solely on his conviction for escape, a felony of the second degree. *See* R.C. 2921.34(B). Thus, Ivey was subject to a mandatory three-year term of post-release control upon his release from prison. R.C. 2967.28(B)(2). At the 2004 sentencing hearing, the trial court stated that "the parole board * * * may impose a period of post-release control possibly up to five or more years[,]" and in the entry the trial court provided that Ivey was "subject to post-release control to the extent the parole board may determine as provided by law." Neither notified Ivey that he was subject to a mandatory three years of post-release control. *See State v. Grimes*, Slip Opinion No. 2017-Ohio-2927, ¶ 9. The Supreme Court of Ohio has concluded that, "when a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. "The new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post[-]release control." *Id.* at paragraph two of the syllabus. Accordingly,

the post-release control portion of Ivey's 2004 sentence was void and he was entitled to a limited resentencing hearing so that he could be properly notified of his post-release control obligations.

{¶8} The trial court, however, did not conduct a resentencing hearing limited to providing the required post-release control notification. Instead, it conducted a de novo hearing. In part, it did so because it found that it was required to merge the offenses of aggravated murder and murder because they were allied. However, even if the trial court erred in 2004 in finding the offenses to be of dissimilar import, the trial court could only reconsider that final judgment if such an error rendered the sentence void. *See Raber* at ¶ 20. "[A] trial court's failure to merge offenses for purposes of sentencing, where the court has not previously found the offenses to be allied (either expressly or by merely failing to make such a finding), does not result in a void sentence, but rather a voidable one subject to challenge only on direct appeal." *In re D.M.*, 9th Dist. Medina No. 16CA0019-M, 2017-Ohio-232, ¶ 9, citing *State v. Williams*, Slip Opinion No. 2016-Ohio-7658, ¶ 23, 26. In the instant matter, the trial court in 2004 found the offenses to be of dissimilar import, and therefore, not allied. Irrespective of the propriety of that decision, it is not void. *See id.* Accordingly, the trial court did not have jurisdiction to resentence Ivey aside from providing appropriate post-release control notification. *See Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, at ¶ 20. To the extent the trial court exceeded its authority in resentencing Ivey, the entry is vacated. *See State v. Ibn-Ford*, 9th Dist. Summit No. 27380, 2015-Ohio-753, ¶ 7, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. ("A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act.")

{¶9} We note that while the trial court correctly notified Ivey of post-release control at the 2016 sentencing hearing, the trial court stated in the sentencing entry that Ivey would be subject to 5 years, instead of 3 years of post-release control. *See Grimes,* Slip Opinion No. 2017-

Ohio-2927, at syllabus. "Where a sentencing hearing transcript makes clear what the trial court decided, the trial court has jurisdiction to correct typographical errors in a sentencing entry via a nunc pro tunc entry." *Ibn-Ford* at ¶ 8; *see also State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 13 (noting that a new sentencing hearing is not required "when a trial court properly notified a defendant of post[-]release control at the sentencing hearing, but the initial sentencing entry did not accurately reflect the details of the notification[ because] the imperfect sentencing entry can be corrected through a nunc pro tunc entry[]"). Thus, upon remand, through a nunc pro tunc entry, the trial court can correct the sentencing entry to reflect that Ivey is subject to three years of mandatory post-release control. *See* R.C. 2967.28(B)(2).

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT STATED THAT IT LACKED THE POWER TO FORCE THE STATE TO STIPULATE TO A PRIOR CONVICTION.

### ASSIGNMENT OF ERROR II

APPELLANT SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL WHEN DEFENSE COUNSEL FAILED TO MAKE TIMELY OBJECTIONS AND FAILED TO ASK FOR A LIMITING INSTRUCTION ON IMPROPER PRIOR BAD ACT TESTIMONY.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY NOT GRANTING THE CRIMINAL RULE 29 MOTION AS THERE WAS INSUFFICIENT EVIDENCE TO SHOW DEFENDANT ACTED WITH PURPOSE.

{¶10} In his first three assignments of error, Ivey raises issues that arose from his 2004 convictions and sentence. However, "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of post[-]release control is imposed is limited to issues arising at the resentencing hearing." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph four of the

syllabus. Thus, the arguments that Ivey raises in his first three assignments of error are not properly before this Court and cannot be addressed in this appeal.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.11, R.C. 2929.12 BY SENTENCING IVEY TO THE MAXIMUM PRISON TERM ON THE ESCAPE CONVICTION BEFORE CONSIDERING THE STATUTORY FACTORS.

{¶11} In Ivey's fourth assignment of error, he challenges the sentence for escape imposed by the trial court at the resentencing. Because we have already determined that the trial court could not resentence Ivey on this charge, and have vacated the entry to the extent he was resentenced on it, this assignment of error has been rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR V

THE TRIAL COURT FAILED TO AFFORD APPELLANT THE RIGHT TO ALLOCUTION AS PROVIDED BY OHIO CRIMINAL RULE 32(A)[(1)].

{¶12} Ivy argues in his fifth assignment of error that the trial court erred by failing to allow him an opportunity to allocute at the resentencing hearing. We do not agree.

{¶13} "When sentencing an offender, a trial court must '[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.' Crim.R. 32(A)(1). 'R.C. 2929.19(A) and Crim.R. 32(A)(1) unambiguously require that an offender be given an opportunity for allocution whenever a trial court imposes a sentence at a sentencing hearing.'" *State v. Johnson*¸ 9th Dist. Summit No. 28268, 2017-Ohio-913, ¶ 5, quoting *State v. Jackson*, Slip Opinion No. 2016-Ohio-8127, ¶ 10, citing *State v. Campbell*, 90 Ohio St.3d 320 (2000), paragraph one of the syllabus. "The purpose of allocution

is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." (Internal quotations and citation omitted.) *Johnson* at ¶ 5. "Both the Ohio Supreme Court and this Court have recognized that a trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say." *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14.

**{¶14}** Assuming, without deciding, that a defendant also has a right to allocution at a resentencing limited to the proper notification of a defendant's post-release control obligations, *see State v. Mays*, 8th Dist. Cuyahoga No. , 2011-Ohio-1565, ¶ 10 (concluding that a defendant does not have such a right), we conclude that the trial court complied with the requirement. Prior to notifying Ivey about post-release control, on multiple occasions, the trial court asked Ivey what he would like to tell the trial court. After each question, Ivey and the trial court then engaged in a dialogue. Further, once again after the notification, the trial court asked Ivey if there was anything he wanted to say with the respect to the sentence imposed.

**{¶15}** Moreover, even if we were to determine that the trial court did somehow err, we would conclude the error was harmless. "[T]he trial court had no discretion to exercise with respect to the imposition of post-release control." *State v. Carr*, 2d Dist. Montgomery No. 24438, 2012-Ohio-1850, ¶ 15. Because of that, we fail to see how anything else that Ivey would have said would have led to a different result. *See id.* at ¶ 17; *see also State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 193 (applying harmless error to a violation of Crim.R. 32(A)).

**{¶16}** Ivey's fifth assignment of error is overruled.

### III.

**{¶17}** The judgment entry of the Summit County Court of Common Pleas is vacated to the extent discussed above. Upon remand, the trial court can correct the typographical error in

the post-release control term via a nunc pro tunc entry. We are unable to address the merits of Ivey's first three assignments of error. Ivey's fourth assignment of error has been rendered moot, and we overrule Ivey's fifth assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed in part, vacated in part, and the matter is remanded for the issuance of a nunc pro tunc entry.

Judgment affirmed in part,
vacated in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.