[Cite as *State v. Grace*, 2017-Ohio-7652.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

CARL GRACE

    Appellant

C.A. Nos.    16AP0058
               16AP0059

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE Nos.   2014 TR-C 000643
             2014 CR-B 000172

DECISION AND JOURNAL ENTRY

Dated: September 18, 2017

---

CALLAHAN, Judge.

{¶1} Carl Grace appeals from his convictions in the Wayne County Municipal Court. This Court affirms.

I.

{¶2} Following a traffic stop on February 1, 2014, Mr. Grace was charged with two counts of operating a vehicle under the influence of alcohol, one count of speeding, and one count of failure to wear a safety belt in case number 2014 TR-C 000643, and possession of marijuana in case number 2014 CR-B 000172. Mr. Grace pled not guilty and was appointed counsel.

{¶3} Upon motion of the State, the cases were consolidated. Mr. Grace filed a motion to suppress. That motion was denied, and the matter was set for a bench trial. The date of the

scheduled trial, the State requested a continuance and Mr. Grace requested new counsel. The court granted both requests.

{¶4} The date of the rescheduled trial, Mr. Grace requested a continuance. Mr. Grace explained that he recently reviewed the video of the traffic stop and his counsel could not answer certain questions to his satisfaction. He continued that he had made an appointment to speak to another attorney and intended to "pay for [his] own attorney." The trial court denied the continuance request.

{¶5} At the conclusion of the bench trial, the judge took the matter under advisement. The next day, he issued journal entries finding Mr. Grace guilty of all the charges. Mr. Grace appealed raising one assignment of error. *State v. Grace*, 9th Dist. Wayne Nos. 15AP0022 and 15AP0023, 2016-Ohio-4989, ¶ 4. He argued that the trial court violated Crim.R. 43(A)(1) by returning its verdict without his physical presence. *Id.* at ¶ 5. This Court agreed and "remanded [the cases] for the trial court to announce its verdict in compliance with Crim.R. 43(A)(1)." *Id.* at ¶ 7. On remand, the trial court announced its guilty verdicts in Mr. Grace's presence.

{¶6} Mr. Grace appeals raising two assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO GRANT MR. GRACE'S MOTION FOR A CONTINUANCE ON THE DAY OF TRIAL.

**ASSIGNMENT OF ERROR NO. 2**

MR. GRACE'S RIGHT TO COUNSEL GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION WAS VIOLATED WHEN THE TRIAL COURT REFUSED TO GRANT A CONTINUANCE IN THIS CASE TO ALLOW MR. GRACE THE OPPORTUNITY TO RETAIN COUNSEL OF HIS CHOOSING.

{¶7} In his first and second assignments of error, Mr. Grace argues that the trial court abused its discretion and violated his constitutional right to counsel by denying his request for a continuance in order to retain new counsel. This Court does not reach the merits of Mr. Grace's arguments as they are barred by res judicata.

{¶8} "'Where an argument could have been raised on an initial appeal, res judicata dictates that it is inappropriate to consider that same argument on a second appeal following remand.'" *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, ¶ 95, quoting *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). Res judicata "preclude[s] a defendant who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. It "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.*

{¶9} In Mr. Grace's initial appeal, he had the opportunity to be heard on any issues that existed at that time. Mr. Grace's current assignments of error are based on the trial court's denial of his request for a continuance in 2014. He does not raise any issues regarding actions taken by the trial court following this Court's remand in 2016. In Mr. Grace's prior appeal, he could have challenged the trial court's denial of his continuance request, but he did not. Mr. Grace cannot use this successive appeal in an attempt to raise issues that could have been raised in his first appeal.

{¶10} Mr. Grace's first and second assignments of error are overruled.

III.

{¶11} Mr. Grace's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NORMAN R. "BING" MILLER, JR., Attorney at law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.