[Cite as *State v. Lewis*, 2022-Ohio-3468.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

CITY OF AKRON                              C.A. No.      30166

Appellee

v.                                        APPEAL FROM JUDGMENT
                                          ENTERED IN THE
KENJI LEWIS                               AKRON MUNICIPAL COURT
                                          COUNTY OF SUMMIT, OHIO
Appellant                                 CASE No.      21 CRB-04709

DECISION AND JOURNAL ENTRY

Dated: September 30, 2022

SUTTON, Judge.

**{¶1}** Defendant-Appellant, Kenji Lewis, appeals from the judgment of the Akron Municipal Court. For the following reasons, this Court affirms, in part, reverses, in part, and remands for further proceedings consistent with this decision.

I.

**Relevant Background**

**{¶2}** On June 24, 2021, Mr. Lewis was arrested and charged with one count of domestic violence pursuant to Akron City Code 135.16(A). The victim alleged, while visiting their children, Mr. Lewis became physical, punched and wrestled her to the ground, causing her to break her hand. The following day, at his arraignment, Mr. Lewis pleaded not guilty and the trial court ordered a $5,000.00/ 10% bond, GPS monitoring, and issued a protection order in favor of the alleged victim. On June 25, 2021, Mr. Lewis posted bond and was released from jail.

**{¶3}**    Mr. Lewis appeared for an initial pretrial on July 7, 2021, and for a second pretrial on July 21, 2021.  The trial court set the matter for a jury status conference on August 9, 2021, and a jury trial on August 19, 2021.  The State moved to continue the August 19, 2021 trial date due to witness unavailability.  A jury trial was ultimately set for September 27, 2021.  On September 23, 2021, Mr. Lewis filed a motion to dismiss the matter due to a violation of his statutory speedy trial rights. The trial court denied Mr. Lewis' motion that same day.

**{¶4}**    On September 24, 2021, Mr. Lewis appeared for a change of plea hearing, and executed a plea of guilty or no contest to charge(s) and waiver-of-rights form.  The form indicated that, before entering a plea of no contest, Mr. Lewis understood he had a right to: (1) an attorney; (2) have the nature of the charges explained to him; (3) have the matter tried to a judge or jury; (4) confront witnesses; (5) present witnesses; and (6) testify on his own behalf, but only of his own volition.  The form also indicated the State must prove all elements of the charge against Mr. Lewis beyond a reasonable doubt.  Further, the form explained the legal meaning of a guilty plea and plea of no contest.  As to a plea of no contest, the form stated:

> [a] plea of no contest is an admission of the truth of the facts in the complaint(s) but not an admission of guilt, but permits the court to make a finding of guilty or not guilty.  Such a plea cannot be used against me in any future civil proceedings.
>
> If I enter a plea of guilty or no contest, I waive all of these rights and the court shall impose sentence without unnecessary delay.

Mr. Lewis also initialed boxes indicating: (1) he is a United States citizen; (2) he can read and has read the form and that his rights and points of law have been explained to him either by his attorney or the trial court; and (3) he had been advised that domestic violence is an enhanceable offense, and following a second offense of the same charge,  he will be subjected to enhanced penalties. Mr. Lewis signed this form further indicating he understood his rights and the points of law therein, and "willingly" entered a plea of no contest to the charge of domestic violence.

{¶5}    The trial court also engaged Mr. Lewis in a plea colloquy, prior to issuing sentence, as follows:

* * *

[TRIAL COURT]:   All right.   We're on the record with Case Number 21CRB04709, [Mr.] Lewis.

Submitted to the [c]ourt has been a waiver of trial rights.

And, Mr. Lewis, have you gone over your rights with your attorney?

MR. LEWIS:  Yes, I have, Your Honor.

[TRIAL COURT]:  She answer all of your questions?

MR. LEWIS: Yes, she did.

[TRIAL COURT]:  Do you understand you have the right to have a trial before a judge or a jury?

MR. LEWIS:  Yes, I do.

[TRIAL COURT]:  And you understand you have the right to have the State prove all of the elements of the charges alleged?

MR. LEWIS:  Yes, I do.
* * *

[TRIAL COURT]:  Okay.  Is your client pleading no contest, it looks like on the sheet here, to the charge of domestic violence?

[COUNSEL]:  Yes, Your Honor.

[TRIAL COURT]:  Is he waiving presentation of the facts and stipulating to the finding of guilt?

[COUNSEL]:  Yes, Your Honor.

[TRIAL COURT]:  All right.  Do you have anything to say in light of sentencing, counsel?

[COUNSEL]:  As far as sentencing goes, Your Honor, * * * I would just state for the record that Mr. Lewis has been on GPS monitoring for, at least, 90 days now.  I

think its over 90 days.  So I would just ask the [c]ourt to take that into consideration when sentencing.

* * *

{¶6}    The trial court sentenced Mr. Lewis to a $150 fine, plus court costs, 180 days in jail with 178 days suspended, and credit for two days served, contingent upon Mr. Lewis obeying all laws for one year, completing anger management and parenting classes, and reporting to probation until these classes are complete.  Further, the trial court ordered Mr. Lewis to refrain from having any unlawful contact with the victim and gave him 90 days to pay the remainder of his fines and costs.

{¶7}    Mr. Lewis  now appeals, raising three assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT OVERRULED [MR. LEWIS'] MOTION TO DISMISS THE CASE ON SPEEDY TRIAL GROUNDS.**

{¶8}    In his first assignment of error, Mr. Lewis argues his right to a speedy trial has been violated.  For the following reasons, we disagree.

{¶9}    A trial court's determination of speedy trial issues presents a mixed question of law and fact.  *State v. Fields*, 9th Dist. Wayne No. 12CA0045, 2013-Ohio-4970, ¶ 8.  "'When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact.'"  *Id*., quoting *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 36.

{¶10}    "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the State of Ohio."  *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980).  Ohio's

statutory speedy trial provisions, R.C. 2945.71 et seq., "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor * * *." *Pachay* at syllabus. Thus, "for purposes of bringing an accused to trial, the statutory speedy trial provisions of R.C. 2945.71 *et seq.* and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive." *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶11} R.C. 2945.71(B)(2) states, in relevant part:

Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:

(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.

R.C. 2945.71(E) further states:

For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.

Moreover, "[t]ime begins to run the day after the date of arrest." *State v. Friedhof*, 9th Dist. Medina No. 2505-M, 1996 WL 385612, *3 (July 10, 1996). *See also State v. Coleman*, 9th Dist. Summit No. 29360, 2020-Ohio-2807, ¶ 8 ("When calculating speedy trial time, the day of arrest is not to be counted.")

{¶12} "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by [R.C. 2945.71]." R.C. 2945.73(B). Certain conditions, however, operate to "toll" the time within which an accused must be brought to trial. *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-

Ohio-6910, ¶ 21. "R.C. 2945.72 outlines the various statutory tolling events." *State v. Phillips*, 9th Dist. Summit No. 27661, 2016-Ohio-4687, ¶ 6.

**{¶13}** Pursuant to R.C. 2945.72:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, *and the period of any reasonable continuance granted other than upon the accused's own motion*;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

(Emphasis added.)

**{¶14}** Here, the record indicates Mr. Lewis was arrested on June 24, 2021, on one count of domestic violence, a first-degree misdemeanor, and was released on bond June 25, 2021.

Pursuant to R.C. 2945.71(B)(2), Mr. Lewis must be brought to trial within ninety days after his arrest, absent any tolling events stated in R.C. 2945.72. Mr. Lewis' speedy trial clock began to run on June 25, 2021, the day after Mr. Lewis' arrest, which counted as three days. *See* R.C. 2945.71(E). Thus, Mr. Lewis should have been brought to trial by September 20, 2021, four days prior to the resolution of the case through Mr. Lewis' plea of no contest.

{¶15} On August 13, 2021, the State filed a motion to continue the jury trial which had originally been set for August 19, 2021. In its motion, the State contended the victim was unavailable on August 19, 2021, due to "a previously scheduled" out-of-town trip. Further, the State indicated the victim "was the only person, other than [Mr. Lewis], present during the assault, and is therefore a necessary witness." In granting the State's motion, the trial court reset the jury trial for October 21, 2021. Then, in a subsequent order, the trial court reset the jury trial for the earlier date of September 27, 2021. The trial court's orders were silent on its reasons for granting the State's continuance.

{¶16} "Ideally, when granting a continuance under the second half of R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." (Internal quotations omitted.) *State v. Roth*, 9th Dist. Lorain No. 17CA011083, 2018-Ohio-2564, ¶ 13, quoting *State v. Vanscoy*, 9th Dist. Summit No. 26964, 2014-Ohio-3482, ¶ 13, quoting *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 32, quoting *State v. Mincy*, 2 Ohio St.3d 6 (1982), syllabus. "Nonetheless, [i]f the trial court imperfectly handles continuances under R.C. 2945.72(H), then the appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the

reasonableness of the continuance is otherwise affirmatively demonstrated by the record." (Internal quotations and citations omitted.) *Roth* at ¶ 13.

**{¶17}** Indeed, this Court has previously determined that "the availability of a key prosecution witness is a reasonable ground for granting a continuance pursuant to R.C. 2945.72(H)." *State v. Smith*, 9th Dist. Summit No. 29498, 2020-Ohio-2921, ¶ 25, quoting *State v. Gregrich*, 9th Dist. Wayne No. 98CA0029, 1999 WL 292547, *2 (Mar. 24, 1999); *see also State v. Thorn*, 9th Dist. Wayne No. 98CA0020, 1998 WL 892975, *2 (Dec. 23, 1998). Further, Mr. Lewis did not challenge the reasonableness of the duration of the continuance, from August 19, 2021 to September 27, 2021, but only challenged whether the continuance should have been granted.

**{¶18}** Thus, based upon this record, we cannot say Mr. Lewis' speedy trial rights have been violated. In accordance with R.C. 2945.72(H), the speedy trial clock was tolled, from August 19, 2021, to September 27, 2021, for a reasonable continuance due to the victim's unavailability.

**{¶19}** Accordingly, Mr. Lewis 's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED [MR. LEWIS'] RIGHTS TO DUE PROCESS BY FINDING [MR. LEWIS] GUILTY WITHOUT FULLY INFORMING HIM OF THE EFFECT OF A NO CONTEST PLEA; WITHOUT [MR. LEWIS] ACTUALLY ENTERING A VERBAL PLEA DURING THE PLEA HEARING; AND WITHOUT DOING SO IN OPEN COURT IN [MR. LEWIS'] PRESENCE.**

**{¶20}** In his second assignment of error, Mr. Lewis argues the trial court committed reversible error in violation of his due process rights by: (1) finding him guilty without informing him of the effect of a no contest plea; (2) finding him guilty without allowing Mr. Lewis to enter a verbal plea; and (3) failing to find Mr. Lewis guilty in open court.

**Effect of No Contest Plea**

{¶21}  "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4.  "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Smith*, 9th Dist. Medina No. 14CA0122-M, 2016-Ohio-3496, ¶ 6. "If a misdemeanor case involves a serious offense, the court must address the defendant personally, inform [him] of the effect of [his] plea, determine that [he] is making the plea voluntarily, and, if [he] is unrepresented, address [his] right to counsel." *Twinsburg v. Milano*, 9th Dist. Summit No. 28674, 2018-Ohio-1367, ¶ 8, citing Crim.R. 11(D).  If a misdemeanor case involves a petty offense, however, the plain language of Crim.R. 11(E) *only requires the court to inform the defendant of the effect of the plea*.  *Id*.  A misdemeanor is a "serious offense" if "the penalty prescribed by law includes confinement for more than six months."  Crim.R. 2(C).  Any other misdemeanor is a "petty offense."  *See* Crim.R. 2(D).

{¶22}  "Because the right to be informed of the effect of a plea is a nonconstitutional one, it is 'subject to review under a standard of substantial compliance.'"  *State v. Brown*, 9th Dist. Lorain No. 19CA011588, 2021-Ohio-3443, ¶ 9, quoting *Milano* at ¶ 11, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.  In order to substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of [her] plea and the rights [she] is waiving[.]'" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).  If substantial compliance is not achieved, a reviewing court must determine if the trial court partially complied or failed to comply with the rule.  *Id*. at ¶ 32. A trial court's complete failure to comply with Crim.R. 11 requires the plea to be vacated, but if

the court partially complied with the rule the defendant must demonstrate prejudice for the plea to be vacated.  *Id*. *See also Milano* at ¶ 11, quoting *State v. Johnson*, 9th Dist. Summit No. 27550, 2016-Ohio-480, ¶ 8; *but see Jones* at ¶ 52, citing *Griggs* at ¶ 12 (stating the failure to comply with nonconstitutional rights, such as the information in Crim. R. 11(B)(1), will not invalidate a plea unless the defendant thereby suffered prejudice).  "The test for prejudice is 'whether the plea would have otherwise been made.'"  *Jones* at ¶ 52, quoting *Nero* at 108.

{¶23}  Here, Mr. Lewis was charged with domestic violence, a misdemeanor of the first degree.  Pursuant to Akron City Code 10.99(D)(1), the maximum jail sentence for misdemeanors of the first degree is "not more than six months."  Consequently, Mr. Lewis' domestic violence charge was a petty offense.  As such, the trial court was only required to inform Mr. Lewis of the effect of his no contest plea.  *See Milano* at ¶ 8; Crim.R. 11(E).  "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)."  *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 25. This may be done "orally *or in writing * * **.*"  *Id*. at ¶ 51.  (Emphasis added.)  Crim.R. 11(B)(2) sets forth the effect of a no contest plea as follows: "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the * * * complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶24}  Upon review, the record reveals the trial court advised Mr. Lewis, in writing, of the effect of his no contest plea.  As previously indicated, the plea of guilty or no contest to charge(s) and waiver-of-rights form indicated:

> [a] plea of no contest is an admission of the truth of the facts in the complaint(s) but not an admission of guilt, but permits the court to make a finding of guilty or not guilty.  Such a plea cannot be used against me in any future civil proceedings.

> If I enter a plea of guilty or no contest, I waive all of these rights and the court shall impose sentence without unnecessary delay.

Although not identical, the language in the form Mr. Lewis executed closely tracks that of Crim.R. 11(B)(2) in informing Mr. Lewis about the effect of his plea of no contest. We acknowledge the form does not advise Mr. Lewis that "the plea or admission shall not be used against [him] in any subsequent * * * *criminal* proceeding." (Emphasis added.) However, this slight omission does not prejudice Mr. Lewis because the fact the plea cannot be used against him in a criminal proceeding is beneficial. Further, Mr. Lewis acknowledged he read and understood the form. Accordingly, the trial court substantially complied with Crim.R. 11 in informing Mr. Lewis about the effect of his plea of no contest. Thus, Mr. Lewis' argument is not well- taken.

### **Oral Plea**

{¶25} Mr. Lewis also argues this Court should vacate his plea because he did not orally enter a plea of no contest on the record. The State concedes the trial court did not literally comply with Crim.R. 11, but argues the trial court substantially complied in taking Mr. Lewis' plea. Further, the State alternatively argues, if the trial court only partially complied with Crim.R. 11, Mr. Lewis has not established prejudice.

{¶26} Crim.R. 11(A) states, in relevant part, that:

> A defendant may plead not guilty, * * * guilty or, with the consent of the court, no contest. A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas *may be made* orally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A).

(Emphasis added.)

{¶27} The record reveals that, while Mr. Lewis signed the form consenting to a plea of no contest for the charge of domestic violence, he did not orally give his plea to the trial court. Instead, the trial court enquired of Mr. Lewis and his attorney as follows:

* * *

[TRIAL COURT]:  And, Mr. Lewis, have you gone over your rights with your attorney?

MR. LEWIS:  Yes, I have, Your Honor.

[TRIAL COURT]:  She answer all of your questions?

MR. LEWIS: Yes, she did.

[TRIAL COURT]:  Do you understand you have the right to have a trial before a judge or a jury?

MR. LEWIS:  Yes, I do.

[TRIAL COURT]:  And you understand you have the right to have the State prove all of the elements of the charges alleged?

MR. LEWIS:  Yes, I do.

* * *

[TRIAL COURT]:  Okay.  Is your client pleading no contest, it looks like on the sheet here, to the charge of domestic violence?

[COUNSEL]:  Yes, Your Honor.

* * *

{¶28}  Based upon this record, the trial court partially complied with Crim.R. 11(A) and, therefore, Mr. Lewis must show he suffered prejudice.  As stated above, "[t]he test for prejudice is 'whether the plea would have otherwise been made.'" *Jones* at ¶ 52, quoting *Nero* at 108.  Mr. Lewis, however, does not make any argument that, but for the trial court's failure to take his plea orally, he would not have entered into the no contest plea for domestic violence.  "If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 50; *see also* App.R. 16(A)(7).  Thus, Mr. Lewis' argument is not well-taken.

## Making a Finding of Guilt in Open Court

**{¶29}** Lastly, Mr. Lewis argues his plea should be vacated because the trial court, pursuant to Crim.R. 43(A)(1), failed to make a finding of guilt in open court. In making this argument, Mr. Lewis relies upon *State v. Grace*, 9th Dist. Wayne No. 15AP0022, 2016-Ohio-4989. In *Grace* at ¶ 3, the defendant tried his case to the bench and the trial court took the matter under advisement. Subsequently, the trial court issued a written order finding the defendant guilty on all counts, outside the physical presence of the defendant, without announcing the verdict in open court. *Id*. The *Grace* Court stated:

> Crim.R. 43(A)(1) provides, in pertinent part, that "the defendant must be physically present at every stage of the criminal proceeding and trial, including impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Absent a valid exception, such as waiver by the defendant, the trial court may not take a matter under advisement and issue a written decision in lieu of announcing the verdict and sentencing the defendant in his presence.

*Grace* at ¶ 6. *Grace,* however, is distinguishable from the present matter. Here, unlike *Grace*, Mr. Lewis pleaded no contest to the charge of domestic violence and stipulated, through his attorney, to the finding of guilt. The following discussion took place in the presence of Mr. Lewis:

\* \* \*

[TRIAL COURT]: Is he waiving presentation of the facts and stipulating to the finding of guilt?

[COUNSEL]: Yes, Your Honor.

\* \* \*

The trial court then sentenced Mr. Lewis, in open court, immediately following the colloquy. Due to the stipulation of guilt, made in open court and in the presence of Mr. Lewis, this does not rise to the level of reversible error. As such, based upon this record, Mr. Lewis' argument is not well-taken.

**{¶30}** Accordingly, Mr. Lewis' second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO PROVIDE [MR. LEWIS] WITH HIS RIGHT TO ALLOCUTION PRIOR TO THE IMPOSITION OF HIS SENTENCE IN VIOLATION OF CRIM.R. 32(A)(1).**

**{¶31}** In his third assignment of error, Mr. Lewis contends the trial court erred in failing to provide him with his right to allocution prior to imposing sentence in violation of Crim.R. 32(A)(1).

**{¶32}** "When sentencing an offender, a trial court must '[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.'" *State v. Ivey*, 9th Dist. Summit No. 28162, 2017-Ohio-4162, ¶ 13, quoting Crim.R. 32(A)(1). "R.C. 2929.19(A) and Crim.R. 32(A)(1) unambiguously require that an offender be given an opportunity for allocution whenever a trial court imposes a sentence at a sentencing hearing." *State v. Johnson*, 9th Dist. Summit No. 28268, 2017-Ohio-913, ¶ 5, quoting *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 10, citing *State v. Campbell*, 90 Ohio St.3d 320 (2000), paragraph one of the syllabus. "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." (Internal quotations and citation omitted.) *Johnson* at ¶ 5. "Both the Ohio Supreme Court and this Court have recognized that a trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say." *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14.

**{¶33}** "A trial court's failure to comply with Crim.R. 32(A)(1) is not always a prejudicial error, however; remand for resentencing is not required if the error is * * * harmless." *State v.*

*Reese*, 6th Dist. Lucas No. L-17-1132, 2018-Ohio-2981, ¶ 38.  Harmless error is "[a]ny error, defect, irregularity, or variance which does not affect substantial rights * * *." Crim.R. 52(A).  As the Sixth District Court of Appeals aptly explained in *Reese* at ¶ 39:

> Although there are no bright-line rules for determining whether a violation of Crim.R. 32(A)(1) is harmless, some Ohio courts-including this one-have found harmless error when counsel speaks, even if the defendant is not given the opportunity to do so, and the defendant receives a minimal sentence or a statutorily-mandated sentence. * * *  Essentially, the less likely it is that the defendant's allocution would have affected the outcome of the case, the more likely the courts are to find that a Crim.R. 32(A)(1) violation was harmless.

**{¶34}**  Here, prior to imposing sentence, the trial court did not ask Mr. Lewis if he wanted to make a statement. Pursuant to Crim.R 32(A)(1), this constitutes error.  The trial court did, however, invite Mr. Lewis' counsel to speak on his behalf.  At that time, Mr. Lewis' counsel expressed Mr. Lewis had been on GPS monitoring for over 90 days and asked the trial court to take that into consideration when imposing sentence.

**{¶35}**  In accordance with Akron City Code 135.16(D), the maximum sentence for a first-degree misdemeanor domestic violence conviction is 180 days incarceration.  The trial court sentenced Mr. Lewis to 180 days in jail with 178 days suspended, and credit for two days served, contingent upon Mr. Lewis obeying all laws for one year, completing anger management and parenting classes, and reporting to probation until these classes are complete.  Further, the trial court ordered Mr. Lewis to refrain from having any unlawful contact with the victim and gave him 90 days to pay the remainder of his fines and costs.

**{¶36}**  Although arguably this is a fairly lenient sentence based upon the victim's injuries, this Court will not infer that the denial of Mr. Lewis' right to allocution was harmless error.  In suspending most of Mr. Lewis' jail time, the trial court imposed several requirements that Mr. Lewis must follow to avoid serving the remainder of the time.  It also ordered Mr. Lewis to pay a

$150.00 fine. If Mr. Lewis had been permitted the opportunity to allocute, the trial court may have imposed less of an initial jail term or no fine. As such, we cannot say it can be presumed Mr. Lewis' opportunity for allocution would have made no difference in his sentence. *See State v. Cantrell*, 2d Dist. Champaign No. 2014-CA-19, 2015-Ohio-1936, ¶ 5 (concluding that denial of right to allocution was not harmless where court sentenced defendant to 180-day jail sentence with 150 days suspended and imposed $550.00 fine); *State v. Bonner*, 12th Dist. Butler No. CA2012-09-195, 2013-Ohio-3670, ¶ 19 (vacating sentence for lack of allocution even though trial court suspended entire jail term and fine); *see also State v. Price*, 6th Dist. Erie No. E-19-003, 2020-Ohio-220, ¶ 10; *City of Cleveland v. Amoroso*, 8th Dist. Cuyahoga No. 100983, 2015-Ohio-95, ¶ 14, 60; *State v. Thoennes*, 7th Dist. Mahoning No. 13 MA 52, 2014-Ohio-2524, ¶ 14, 29. Therefore, the sentencing judgment must be vacated, and the matter remanded for resentencing.

**{¶37}** Accordingly, Mr. Lewis' third assignment of error is sustained.

III.

**{¶38}** Mr. Lewis' first and second assignments of error are overruled. Mr. Lewis' third assignment of error is sustained. The judgment of the Akron Municipal Court is affirmed, in part, reversed, in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed, in part,
reversed, in part,
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and MICHAEL A. WALSH and KRISTEN L. SMITH, Assistant Directors of Law, for Appellee.