[Cite as *State v. Anderson*, 2024-Ohio-4735.]

STATE OF OHIO )  IN THE COURT OF APPEALS
 )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO  C.A. No.  30925

  Appellee

  v.  APPEAL FROM JUDGMENT
  ENTERED IN THE
STACEY C. ANDERSON, JR.  COURT OF COMMON PLEAS
  COUNTY OF SUMMIT, OHIO
  Appellant  CASE No.  CR 23 05 1594

DECISION AND JOURNAL ENTRY

Dated: September 30, 2024

HENSAL, Judge.

{¶1}    Stacey C. Anderson, Jr. appeals the sentence imposed upon him by the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Mr. Anderson pleaded guilty to improperly discharging a firearm into a habitation and to a firearm specification and a specification for forfeiture of a weapon. During his sentencing hearing, his attorney spoke on his behalf, and his mother read a prepared statement. Both provided detailed statements that explained factors they believed should mitigate Mr. Anderson's sentence. The State addressed its sentencing recommendations, and defense counsel responded. Although Mr. Anderson told his attorney that he did not want to make a statement during a conversation between the State and defense counsel, the trial court did not ask Mr. Anderson if he had anything to say before sentence was imposed. The trial court sentenced him to an indefinite stated term of seven to nine years in prison, and Mr. Anderson appealed.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT, STACEY ANDERSON, THE RIGHT OF ALLOCUTION PRIOR TO THE IMPOSITION OF SENTENCE, CONTRARY TO DUE PROCESS OF LAW, PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶3}** Mr. Anderson's assignment of error argues that the trial court erred by sentencing him without affording him the right of allocution. Any error in this respect, however, was harmless.

**{¶4}** Criminal Rule 32(A)(1) imposes an affirmative requirement upon trial courts to "address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." *State v. Campbell*, 90 Ohio St.3d 320 (2000), syllabus. *See also* R.C. 2929.19(A) (providing that before imposing sentence, a trial court "shall . . . ask the offender whether the offender has anything to say as to why sentence should not be imposed . . . ."). The requirements of Rule 32(A) are unambiguous. *State v. Jackson*, 2016-Ohio-8127, ¶ 10. This inquiry "is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359 (2000). Consequently, trial courts must "painstakingly" adhere to the requirements of Rule 32(A). *Id*. The right to allocution, however, is not constitutional. *Hill v. United States*, 368 U.S. 424, 428 (1962). Although a defendant may affirmatively waive the right to allocution, it is not subject to forfeiture. *See Campbell* at 324-325. When a trial court fails to comply with the requirements of Rule 32(A), this Court must remand for resentencing unless the error was harmless or invited. *State v. Osie*, 2014-Ohio-2966, ¶ 179, quoting *Campbell* at paragraph three of the syllabus.

**{¶5}** In this case, the trial court did not address Mr. Anderson personally and ask if he wished to make a statement on his own behalf or present any information that could mitigate punishment. *See Campbell* at paragraph one of the syllabus. The State maintains that any error in this respect, however, was harmless. Defendants are not required "to present evidence to establish that [an] error [under Rule 32(A)] is not harmless given that on appeal [appellants] are limited to the record that was made in the trial court and cannot present new evidence." *Jackson* at ¶ 16. This Court has observed that, "[e]ssentially, the less likely it is that the defendant's allocution would have affected the outcome of the case, the more likely the courts are to find that a [Rule 32(A)(1)] violation was harmless." *City of Akron v. Lewis*, 2022-Ohio-3468, ¶ 33 (9th Dist.), quoting *State v. Reese*, 2018-Ohio-2981, ¶ 39 (6th Dist.).

**{¶6}** Applying this rule, this Court has concluded that a trial court's failure to provide the opportunity for allocution required by Revised Code Section 2929.19(A) and Rule 32(A) may be harmless error when counsel speaks and the defendant receives a sentence that is minimal or statutorily mandated. *Lewis* at ¶ 33, quoting *Reese* at ¶ 39. This Court has also concluded that error is harmless when the trial court had no discretion to exercise with respect to a sentence and the defendant could not have said anything during allocution that that "would have led to a different result." *State v. Ivey*, 2017-Ohio-4162, ¶ 15 (9th Dist.). On the other hand, this Court has concluded that the error is not harmless when a trial court imposes the maximum applicable sentence. *See State v. Carter*, 2022-Ohio-3806, ¶ 34-35 (9th Dist.). We have also declined to find error harmless when a trial court imposes a "fairly lenient" sentence that nonetheless demonstrated that "[i]f [the defendant] had been permitted the opportunity to allocute, the trial court may have imposed less of a jail term or no fine." *Lewis* at ¶ 36.

{¶7} Mr. Anderson pleaded guilty to a second-degree felony accompanied by a firearm specification. He was subject to a mandatory three-year prison term for the firearm specification, and community control could not be imposed in place of that prison term. *See* R.C. 2941.145; R.C. 2929.14(B)(1)(a)(ii). That three-year term must be served prior to and consecutively to any prison term imposed for the underlying felony. R.C. 2929.14(C)(1)(a).

{¶8} With respect to the underlying offense, an offender who is sentenced to prison for a second-degree felony must be sentenced to an indefinite term that ranges from two to eight years up to the maximum determined under Revised Code Section 2929.144. *See* R.C. 2929.14(A)(2)(a). The shortest prison term that the trial court could have imposed for Mr. Anderson's felony conviction is an indefinite term of two to three years. *See* R.C. 2929.14(A)(2)(a); R.C. 2929.144(B)(1). The maximum prison term that the trial court could have imposed is an indefinite term of eight to twelve years. R.C. 2929.14(A)(2)(a); R.C. 2929.144(B)(1). Viewed from this perspective, the sentence that the trial court imposed is relatively lenient, and this Court concludes that under the circumstances present in this case, any error that resulted from the trial court's failure to allow Mr. Anderson the opportunity for allocution is harmless.

{¶9} One court, however, has determined that when an offender is found guilty of a gun specification, a trial court can impose a term of community control for the underlying offense. *See State v. Logan*, 2023-Ohio-3353, ¶ 19-28 (8th. Dist.). The Supreme Court of Ohio has determined that a conflict exists on this question, and the matter is currently pending. *See State v. Logan*, 2024-Ohio-202. This Court need not take a position on this question because the error in this case was harmless even if community control was available on the underlying offense.

{¶10} Offenders who are convicted of or plead guilty to a second-degree felony face a presumption that a prison term is necessary to comply with the principles and purposes of

sentencing. *See* R.C. 2929.13(D)(1). In order to overcome that presumption, a trial court must determine that community control would adequately punish the offender and protect the public from future offenses and that community control would not demean the seriousness of the offense. *See* R.C. 2929.13(D)(2). This determination is made by considering any relevant factors, including those listed in Section 2929.12(B) and (C) indicating that the offender's conduct is more or less serious than conduct normally constituting the offense. R.C. 2929.13(D)(2).

{¶11} The trial court conducted that analysis in this case. In doing so, the trial court acknowledged statements made by defense counsel and Mr. Anderson's mother that supported mitigation but explained that "[t]he problem is the seriousness factors." The trial court continued:

> I have in terms of seriousness, I just want to make sure I'm clear on the record what I'm talking about, the victim of the offense clearly suffered psychological harm as a result of this offense. Anyone who's shot at in their home is going to do that. His relationship with the victim facilitated the offense. He's over there and he has no reason to be over there. And then when you look at the victim, the victim did not induce the offense. The victim offender [*sic*] did not act under strong provocation. He must have known that if he hit him with a weapon it was going to cause physical harm. So I don't believe that, you know, under the statutes and under the rules of sentencing that it's appropriate to not issue a prison sentence.
>
> And I understand all the arguments that are being made that he may not get what he needs there, but there are two sides to every sentencing that I do. There are the victim[s], the prosecution and the public. I'm concerned if he decides to go off of his medication God only knows what will happen next time. This time he was off his meds and he almost killed somebody. He could have.

The trial court's overriding concern related to the factors tending to demonstrate the seriousness of the offense under Section 2929.12(B), notwithstanding the mitigating statements that *were* made during the sentencing hearing. In light of this, and considering Mr. Anderson's representation to counsel that he did not want to say anything, any error in affording him the right of allocution was harmless even if he could have been sentenced to community control on the underlying felony.

**{¶12}** Any error with respect to the right of allocution provided by Rule 32(A) and Section 2929.19(A) was harmless. Mr. Anderson's assignment of error is overruled on that basis.

III.

**{¶13}** Mr. Anderson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

DONALD K. POND, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.