[Cite as *State v. Anderson*, 2017-Ohio-931.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104460

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# SHYNE ANDERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-599104-A, CR-15-599105-A,
CR-15-602138-A and CR-15-602139-A

**BEFORE:** McCormack, J., Keough, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 16, 2017

**ATTORNEY FOR APPELLANT**

Kimberly J. Bolton
9805 Parkgate Avenue
Cleveland, OH 44108

**Also listed**:

Shyne Anderson
Inmate No. 682-513
Madison Correctional Institution
P.O. Box 740
1851 State Route 56
London, OH 43140


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Jillian Eckart
Frank Romeo Zeleznikar
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1}  Defendant-appellant Shyne Anderson appeals from his convictions in four cases at the Cuyahoga County Court of Common Pleas. The cases involved his multiple acts of violence against two women.  The four cases were tried together to the bench. After a review of the record and applicable law, we affirm his convictions.

{¶2}  The record reflects that between December 2015 and February 2016, Anderson was indicted in four separate cases for offenses he committed between July 2014 and December 2015 against two women with whom he was in a relationship. Anderson pleaded not guilty in all four cases.  He waived his right to a jury trial, and these cases were tried to the bench.  The state moved to join all four cases for trial. The defense objected to the joinder.  The trial court overruled the objection.  At the joint trial, the state presented the testimony from the two victims and five police officers. The defendant did not present any witnesses.   The facts in the four cases are as follows.

**Cuyahoga C.P. No. CR-15-602138-A**

{¶3}  Cuyahoga C.P. No. CR-15-602138-A related to an incident involving Shana Saunders, with whom Anderson has a daughter.  For his conduct in the incident, Anderson was indicted for four counts of felonious assault, two counts of domestic violence, and kidnapping.

{¶4}  Saunders testified at trial that, in the evening of July 23, 2014, she and Anderson were out drinking.  Close to midnight, Saunders expressed a desire to go home.  Thinking she was going to see another man, Anderson chased her around her

vehicle, took her key, and drove off with her vehicle. Without her vehicle, Saunders walked around for an hour. Anderson finally returned to her. Saunders entered her car, carrying a brick she had picked up in the street. They began to argue, and Saunders threw the brick in Anderson's lap. Anderson picked up the brick and threw it at Saunders's face, striking her above her eye, causing a gash. Saunders asked to be taken to the hospital to receive medical attention. Anderson refused. He drove her instead to her house, against her wish. Once there, Anderson followed her inside her home, while the two continued to argue. According to Saunders's testimony, she picked up a knife from the kitchen and out of anger, stabbed the wall with such a force that her fingers were injured. Anderson then took her vehicle and drove off. A friend of Saunders who was in her home that night called the police. The paramedics arrived to take her to Hillcrest Hospital, where she received multiple stitches for her wound above the eye.

{¶5} Officers Bonnie Simmerly and Everett Haworth interviewed Saunders while she was at the hospital. These two officers as well as Detective John Freehoffer testified at trial regarding their investigation of the incident.

{¶6} Based on Saunders's testimony at trial about how she injured herself with the kitchen knife, the state nolled two counts of felonious assault and one count of domestic violence relating to her knife injury. Anderson was convicted of one count of felonious assault and kidnapping. He received eight years in prison for felonious assault and eleven years for kidnapping, to be served concurrently.

**Cuyahoga C.P. No. CR-15-99104-A**

**{¶7}** Cuyahoga C.P. No. CR-15-599104-A related to a burglary incident on January 11, 2015, also involving Saunders. For the incident, Anderson was indicted for two counts of aggravated burglary, one count of domestic violence, and two counts of criminal damaging.

**{¶8}** Saunders testified that on the evening before the incident, she was out drinking with Anderson. After midnight, Anderson drove her home. She asked to be dropped off at a gas station near her house. While she was walking home, Anderson followed her in his vehicle, trying to get her back in the vehicle, without success. After she entered her home, an upstairs unit of a two-family home, she talked to a friend by phone. All of a sudden, she saw Anderson hanging in the window of her apartment. He then lifted the window and climbed in. Sensing trouble, Saunders immediately fled her apartment and ran downstairs. Anderson chased her and started hitting her in the face. The downstairs neighbors heard the commotion and opened their door. Saunders fell in. Anderson followed her inside. A scuffle between the apartment's two residents and Anderson ensued. They eventually pushed him outside and locked the door. While Saunders called the police, the windows of that apartment were shattered. Saunders sustained injuries on her jaw, forehead, and eye. Officer Michael Surtz arrived to find Saunders crying and yelling, her face bleeding, and the downstairs neighbors shaken up. The windshield of a vehicle parked on the driveway was also shattered. While Saunders testified Anderson entered her second-floor apartment by the window,

Officer Surtz, on cross-examination, testified that the window was about 20 feet off the ground and there was no ladder or rope in the area.

{¶9} The trial court found Anderson guilty of aggravated burglary relating to Saunders's residence, but not guilty of aggravated burglary relating to the neighbors' residence. The court found him guilty of the remaining counts. He was sentenced to 11 years on aggravated burglary. For domestic violence and two counts of criminal damaging, the court imposed a fine of $250 on each count.[1]

**Cuyahoga C.P. No. CR-15-599105-A**

{¶10} Cuyahoga C.P. No. CR-15-599105-A involved an incident where Anderson burglarized the home of A.W., his then-girlfriend, and assaulted her. For this incident, he was indicted for rape, gross sexual imposition, kidnapping, aggravated burglary, assault, grand theft, and intimidation of crime victim.

{¶11} A.W.'s testimony at trial shows that, before midnight on July 18, 2015, A.W. had an argument with Anderson. After the argument, A.W. went out with her friend. Around 3:00 a.m., A.W. returned home to find Anderson inside her home. Apparently he got in through a faulty front door, which had been previously broken and

---

[1]We note that although the court imposed in open court a fine of $250 each on domestic violence (Count 3) and two counts of criminal damaging (Counts 4 and 5), as well as on the aggravated burglary count (Count 1), the journal entry did not separately impose the fine on these counts but simply stated "$250.00 fine on each count." In *State v. Cousino*, 8th Dist. Cuyahoga No. 102388, 2015-Ohio-3587, this court determined the trial court's sentencing entry was not a final appealable order because it imposed an aggregate sentence on multiple counts instead of imposing a sentence on each count, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus. *Baker* is not implicated here because the journal entry imposed a $250 fine "*on each count.*"

was unlocked. As soon as A.W. was in the house, Anderson grabbed her, punched her, threw her to the ground, and kicked her. He ripped off A.W.'s shorts and forced his fingers inside her vagina, accusing her of cheating and having sex with somebody else. A.W. fought him and finally broke off, running to the bathroom to hide. Anderson "busted open" the bathroom door, tore down the shower curtain, and hit A.W. with the curtain rod. The assault lasted between 30 to 45 minutes. Anderson then took A.W.'s cell phone and her car key and drove off in her car. A.W. called the police. She sustained bruises in her arms and face.

{¶12} While Anderson was eventually arrested and detained in the county jail at the end of 2015 (after the incident on December 4, 2015, described below), he made frequent phone calls to A.W. and asked her to promise him that she would not show up for the court proceedings. Paul Huseman from Cuyahoga County sheriff's department testified at trial regarding his investigation of the phone calls Anderson made to A.W. from the county jail.

{¶13} During the trial, the court granted Anderson's Crim.R. 29 motion to dismiss the gross sexual imposition count. He was found guilty of the remaining counts. Anderson was sentenced to 11 years each on rape, kidnapping, and aggravated burglary; 17 months on grand theft; 36 months on intimidation of crime victim, and a fine of $250 on assault. The prison sentences are to be served concurrently.

**Cuyahoga C.P. No. CR-15-602139-A**

{¶14} In Cuyahoga C.P. No. CR-15-602139-A, also involving A.W., Anderson was indicted for aggravated burglary, abduction, robbery, assault, and grand theft.

{¶15} A.W.'s testimony at trial shows that one day in December 2015, Anderson and A.W. went out drinking in A.W.'s rental car. While they were driving in A.W.'s car, Anderson wanted to drop her off at her home and take her car. A.W. refused. Anderson started to "act crazy," and they fought. Anderson tried to drag A.W. out of the vehicle, but A.W. fought him off. Some time later, Anderson showed up in her driveway and "messed up" her rental car. In a separate incident in December 2015, Anderson arrived at A.W.'s house and was acting belligerently. Suspecting another man was in the house, Anderson "bum-rushed" A.W. at the door and pushed her inside the house. Anderson then threw some punches at her. He picked up a spray bottle and sprayed at her. He also grabbed some juice and cooking oil from the kitchen and poured them over A.W. Anderson then took off with A.W.'s vehicle without her permission. A.W. called the police about the incident.

{¶16} Anderson was convicted of all counts except for the aggravated burglary count. On that count he was convicted of the lesser included offense of burglary. He was sentenced to eight years on burglary, eight years on robbery, 36 months on abduction, 18 months on grand theft, to be served concurrently.

{¶17} The court ordered Anderson to serve the sentences in the two cases involving the same victim concurrently but to serve the sentences relating to the two

victims consecutively.   He received a total of 22 years in these four cases.   On appeal,

Anderson raises three assignments of error for our review.

> 1.      The court found, against the manifest weight of the evidence, that the appellant committed the acts alleged in the indictment.
>
> 2.      The trial court erred when it admitted other acts testimony in violation of R.C. 2945.59, Evid.R. 404(B) and appellant['s] rights under Article 1, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
>
> 3.      Appellant was denied effective assistance of counsel in violation of amendments VI and XIV, United States Constitution and Article I, Section 10, Ohio Constitution.

**Manifest Weight**

{¶18} While the test for sufficiency requires a determination of whether the state

has met its burden of production at trial, a manifest-weight challenge questions whether

the state has met its burden of persuasion.   *State v. Thompkins*, 78 Ohio St.3d 380, 390,

678 N.E.2d 541 (1997).   Unlike challenges to the sufficiency of the evidence, which

raise a question of law, manifest weight challenges raise factual issues.   When a

defendant asserts that his conviction is against the manifest weight of the evidence, the

court,

> "reviewing the entire record, weighs the evidence and all reasonable
>
> inferences, considers the credibility of witnesses and determines whether in
>
> resolving conflicts in the evidence, the jury clearly lost its way and created
>
> such a manifest miscarriage of justice that the conviction must be reversed
>
> and a new trial ordered. The discretionary power to grant a new trial should

be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In evaluating a manifest-weight claim, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. When examining witness credibility, "the choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986). This is because the trier of fact "is in the best position to observe the witnesses' demeanor, voice inflection, and mannerisms in determining each witness's credibility." *State v. Hughes*, 8th Dist. Cuyahoga No. 81768, 2003-Ohio-2307, ¶ 26. A trier of fact is free to believe all, some, or none of the testimony of each witness appearing before it. *Iler v. Wright*, 8th Dist. Cuyahoga No. 80555, 2002-Ohio-4279, ¶ 25.

{¶19} Anderson claims the trier of fact, the trial court in this instance, lost its way in believing the account of the events given by the victims. Regarding the aggravated burglary count in Case No. CR-15-599104-A, he argues it was impossible for him to scale the wall to a window that was 20 feet off the ground. Regarding the criminal damaging offense in that case, he argues there was no witnesses who saw him breaking the downstairs neighbors' windows or the windshield of the vehicle parked in the driveway.

Regarding the felonious assault and kidnapping offenses in Case No. CR-15-602138-A, he argues that Saunders entered the vehicle with a rock in her hand, apparently trying to "take matters in her own hands," and that she entered the vehicle on her own will and never attempted to exit the vehicle, and therefore, he could be not be found to restrain her liberty. Regarding the charge of rape in Case No. 599105, Anderson argues that when A.W. was initially asked if "part of [Anderson's] body penetrate[d] part of [hers]," she answered no (although A.W. subsequently testified Anderson put his fingers inside her vagina). Regarding Case No. CR-15-602139-A, Anderson argues that A.W. could not recall clearly what occurred until after she heard the playing of her 911 call.

{¶20} Anderson essentially asks this court to re-evaluate the credibility of the witnesses and re-weigh the inferences from their testimony. Our authority to weigh the evidence and reasonable inferences is greatly restrained by case law authority holding that the credibility of witnesses' testimony is primarily a matter to be determined by the factfinder. *DeHass*. We afford the trier of fact great deference because it is in the best position to observe the witnesses' demeanor and assess their credibility. As such, our power to reverse a judgment as against the manifest weight of the evidence is to be exercised with extreme caution. After reviewing the record, we cannot say the trial court lost its way in convicting the defendant of multiple offenses he was charged with. We decline to exercise our discretionary power to grant a new trial. The first assignment of error is without merit.

**Joinder and Ineffective Assistance of Counsel**

**{¶21}** The record reflects that the state filed a motion to join all four of Anderson's cases for trial. Before the start of the trial, Anderson's counsel objected to joinder and the trial court overruled counsel's objection, allowing the four cases to be tried together. Anderson claims his trial counsel provided constitutionally ineffective assistance at trial in failing to successfully challenge joinder of the four cases (the third assignment of error). He also claims that the two victims' testimony presented at the joint trial constituted prejudicial "other acts" evidence that was inadmissible under Evid.R. 404 (the second assignment of error). These two claims are related and we address them together.

**{¶22}** Crim.R. 13 provides that a trial court may order two or more indictments to be tried together, "if the offenses or the defendants could have been joined in a single indictment or information." Crim.R. 8(A) governs the joinder of offenses in a single indictment. Under Crim.R. 8(A), two or more offenses may be charged together if the offenses "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."

**{¶23}** The law favors joining multiple offenses in a single trial if the requirements of Crim.R. 8(A) are satisfied. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565. "[J]oinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before

different juries." *State v. Torres*, 66 Ohio St.2d 340, 421 N.E.2d 1288 (1981). *See also State v. Schiebel*, 55 Ohio St.3d 71, 86-87, 564 N.E.2d 54 (1990); *State v. Schaim*, 65 Ohio St.3d 51, 58, 600 N.E.2d 661 (1992).

**{¶24}** Under Crim.R. 14, however, the trial court may grant a severance, if it appears that the defendant would be prejudiced by the joinder. The defendant bears the burden of proving prejudice. *State v. Brinkley*, 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959, ¶ 29. The state may refute the defendant's claim of prejudice under two methods.

**{¶25}** Under the first method, the state must show that the evidence from the other case could have been introduced pursuant to the "other acts" test of Evid.R. 404(B); under the second method (referred to as the "joinder test"), the state does not have to meet the stricter "other acts" admissibility test but only need to show the evidence of each crime joined at trial is "simple and direct." *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990). "[W]hen simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as 'other acts' under Evid.R. 404(B)." *Id.*

**{¶26}** "Simple and direct" evidence means the evidence of each crime is "so clearly separate and distinct as to prevent the jury from considering evidence of [one crime] as corroborative as the other." *State v. Quinones*, 11th Dist. Lake No. 2003-L-015, 2005-Ohio-6576, ¶ 48. *See also State v. Varney*, 4th Dist. Hocking No.

07CA18/07AP18, 2008-Ohio-5283 (the purpose of the "joinder test" is to prevent the finder of fact from confusing the offenses).

**{¶27}** The evidence reflects that, between July 2014 and December 2015, Anderson committed a series of similar crimes of violence against women he was in a relationship with, all seemingly motivated by jealousy. As such, these acts constituted "parts of a common scheme" and may be charged in a single indictment under Crim.R. 8(A). Accordingly, the multiple indictments may be tried together under Crim.R. 13.

**{¶28}** Furthermore, the evidence against Anderson in the four cases is simple and direct — the two victims testified in great detail describing distinct acts engaged in by Anderson on separate occasions. The evidence for each offense was straightforward. There was little or no danger that the trier of fact, in this case the trial court, would confuse the evidence or improperly consider testimony on one offense as corporative of the others.

**{¶29}** Because the state meets the "joinder test," the state need not meet the stricter other-acts admissibility test; the accused is not prejudiced by joinder when simple and direct evidence exists, regardless of the admissibility of evidence of other crimes under Evid.R. 404(B). *State v. Franklin*, 62 Ohio St.3d 118, 122, 580 N.E.2d 1 (1991). For these reasons, the trial court was within its discretion to grant the state's request for joinder and deny the defense counsel's motion for severance. Anderson's other-acts claim under the second assignment of error and his ineffective-assistance-of-counsel claim under the third assignment of error both lack merit.

**{¶30}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR