[Cite as *State v. Carter*, 2022-Ohio-3806.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No.   30152 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KEVIN CARTER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.   CR 18-08-2643-A |

DECISION AND JOURNAL ENTRY

Dated: October 26, 2022

CALLAHAN, Judge.

{¶1}   Appellant, Kevin Carter, appeals his convictions by the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2}   On July 6, 2018, a naked man ran into a business on Hazel Street in Akron. The man had abrasions on his body consistent with "road rash[,]" and he reported that he had been robbed at gunpoint, stripped, and forced into the trunk of a vehicle from which he escaped using the interior emergency latch. The man identified Mr. Carter as his assailant. A detective investigating the incident requested officers to be on the lookout for the vehicle that Mr. Carter could be driving.

{¶3}   Six days later, in an unrelated incident, shots were fired in the area of Lovers Lane and Whitney Avenue. One shot struck a man who was walking with his step-grandson, who identified the shooter as "KE." A mobile phone belonging to Mr. Carter was found near the scene,

and although the victim identified a different individual from a photo array administered while he was hospitalized, he also provided information to police that led them to identify Mr. Carter as a suspect. When investigators extracted data from the mobile phone recovered at the scene of the shooting, they discovered a photograph that depicted Mr. Carter holding two firearms. The serial number of one was visible in the photograph, and the investigators determined that it matched the serial number of a firearm that had been reported as stolen to the Elyria Police Department on May 23, 2018.

{¶4} On July 13, 2018, an Akron police officer initiated a traffic stop of a white Chevrolet Impala that matched the description provided in the detective's earlier request. Mr. Carter was the driver. On August 22, 2018, Mr. Carter was indicted in Case No. CR-2018-08-2643-A for aggravated robbery, kidnapping, felonious assault, and having a weapon while under disability in connection with the July 6, 2018, incident ("the kidnapping case"). The aggravated robbery, kidnapping, and felonious assault charges were accompanied by firearm specifications and repeat violent offender specifications. On the same date, Mr. Carter was indicted in Case No. CR-2018-07-2451 for two counts of felonious assault in connection with the July 12, 2018, incident ("the shooting case"). Both charges were accompanied by firearm specifications and repeat violent offender specifications. The indictment also charged him with one count of having a weapon while under disability in connection with the shooting.

{¶5} On November 29, 2018, a supplemental indictment issued in the kidnapping case that charged Mr. Carter with an additional firearm specification to each of the charges in the original indictment. The supplemental indictment also charged Mr. Carter with burglary and a second charge of having a weapon while under a disability in violation of R.C. 2923.12(A)(2), accompanied by a firearm specification ("Count Ten"). Although charged as a supplement to the

indictment in the kidnapping case, Count Ten pertained solely to the photograph found on Mr. Carter's mobile phone at the scene of the shooting.

{¶6} The kidnapping case proceeded to trial first, on March 25, 2019. The jury found Mr. Carter guilty of Count Ten and the accompanying specification but not guilty of burglary. The jury could not reach a verdict on the charges of aggravated robbery, kidnapping, felonious assault, the other charge of having a weapon while under disability, and the accompanying specifications. The trial court declared the jury hung. During a pretrial on April 10, 2019, over Mr. Carter's objection, the trial court joined the two cases and set all of the charges in the shooting case and the charges to be retried in the kidnapping case for trial on April 22, 2019. The trial court also imposed sentence on Mr. Carter for Count Ten during this pretrial.

{¶7} After the second trial, the jury found Mr. Carter guilty of all three offenses charged in the shooting case. The trial court sentenced him to prison terms for each offense. The jury also found Mr. Carter guilty of each of the charges retried in the kidnapping case, and the trial court's judgment of conviction, dated June 5, 2019, imposed prison terms accordingly. Although the trial court referenced a prison term previously imposed for Count Ten and ordered the additional prison terms to be served consecutively with that sentence, the judgment of conviction did not set forth the finding of guilt or sentence for Count Ten.

{¶8} Mr. Carter appealed the judgments in both cases. This Court affirmed his convictions in the shooting case because Mr. Carter did not argue any error in connection with that case in his appellate brief. *State v. Carter*, 9th Dist. Summit No. 29524, 29525, 2021-Ohio-2909, ¶ 5.[1] With respect to the appeal in the kidnapping case, this Court concluded that because

---

[1] Consequently, Mr. Carter has not argued any error in connection with that case in this appeal.

the trial court's judgment did not reference the fact of his conviction and the sentence imposed for Count Ten, it was not a final appealable order. *Id*. at ¶ 9-11. This Court, therefore, dismissed the appeal with respect to the kidnapping case. *Id*. at ¶ 13.

{¶9} On September 16, 2021, the trial court journalized a judgment of conviction that set forth the fact of conviction and the sentence for Count Ten as well as the remaining counts in the kidnapping case. Mr. Carter was sentenced to three years in prison for Count Ten and to fifty-four months in prison on the accompanying firearm specification. With respect to the retried counts, Mr. Carter was sentenced to eleven-year prison terms for the aggravated robbery and kidnapping convictions with an additional term of fifty-four months in prison for the accompanying firearm specifications. He was also sentenced to a three-year prison term for having a weapon while under disability. The trial court ordered the sentences to be served consecutively with the sentences imposed in the shooting case, resulting in a total prison term of forty-one years and six months.

{¶10} Mr. Carter appealed. His four assignments of error are rearranged for purposes of disposition.

## I.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVERSED THE PRIOR JUDGE'S RULING ON JOINDER OF THE TWO SEPARATE CASES IN VIOLATION [OF] CARTER'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶11} Mr. Carter's first assignment of error is that the trial court erred by joining the remaining charges in the kidnapping case for retrial with the shooting case. This Court does not agree.

**{¶12}** Two or more indictments may be tried together "if the offenses * * * could have been joined in a single indictment[.]" Crim. R. 13. Under Crim.R. 8(A), two or more offenses may be charged in the same indictment "if the offenses charged * * * are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Joinder of multiple offenses for trial is favored in the law if requirements of Crim.R. 8(A) are present. *See State v. Fry*, 125 Ohio St.3d, 163, 2010-Ohio-1017, ¶ 196, quoting *State v. Lott*, 51 Ohio St.3d 160, 163 (1990). *See also State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2017-Ohio-931, ¶ 23, citing *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 94.

**{¶13}** Even if joinder is proper under Crim.R. 8(A) and Crim.R. 13, a trial court may sever the joinder of multiple indictments for purposes of trial "[i]f it appears that a defendant or the state is prejudiced by [the] joinder[.]" Crim.R. 14. Mr. Carter has not argued that joinder of the two indictments at issue in this case was improper under Crim.R. 8(A) and Crim.R. 13 and, instead, has confined his argument to prejudice under Crim.R. 14.

**{¶14}** A defendant bears the burden of demonstrating prejudice as a result of joinder. *State v. Torres*, 66 Ohio St.2d 340 (1981), syllabus. A defendant who argues on appeal that joinder was prejudicial under Crim.R. 14 must "affirmatively demonstrate" that prejudice occurred, that the trial court was provided with information sufficient to "weigh the considerations favoring joinder against the defendant's right to a fair trial," and that the trial court's decision not to sever cases was an abuse of discretion. *State v. Schaim*, 65 Ohio St.3d 51, 59 (1992). *See also State v. Ecker*, 9th Dist. Summit No. 28431, 2018-Ohio-940, ¶ 11. This Court must examine the alleged

prejudice with reference to the evidence introduced at trial. *State v. Greathouse*, 9th Dist. Summit No. 27782, 2017-Ohio-6870, ¶ 19.

**{¶15}** The State may rebut a defendant's claim that joinder was prejudicial in two ways. *Lott*, 51 Ohio St.3d at 163. The "other acts" method requires the state to demonstrate that evidence of the joined offenses could have been introduced as other-acts evidence under Evid.R. 404(B) had they been tried separately. *Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, at ¶ 198, quoting *Lott* at 163. "Under the second method, the 'joinder' test, the state is not required to meet the stricter 'other acts' admissibility test, but is merely required to show that evidence of each crime joined at trial is simple and direct." *Lott* at 163. Because these two methods of rebuttal are alternatives, s*ee Ecker* at ¶ 11, "when simple and direct evidence exists, an accused is not prejudiced by joinder regardless of the nonadmissibility of evidence of these crimes as 'other acts' under Evid.R. 404(B)." *Lott* at 163.

**{¶16}** Joinder may be prejudicial when unrelated offenses are tried and there is weak evidence with respect to each. *State v. Brooks*, 44 Ohio St.3d 185, 193 (1989), quoting *Torres* at 343-344. When the evidence as to each charge is not weak but is direct, uncomplicated, and capable of reasonably being separated as to each offense, however, joinder is not prejudicial. *Brooks* at 193, quoting *Torres* at 343-344. *See also Ecker* at ¶ 18. This is because the "essential problem" in such cases is "a tendency of some juries in complex trials not to segregate the proof required on each separate offense, but to convict for all crimes on the combined proof offered upon all offenses[,]" resulting in convictions that are not supported by sufficient evidence. *State v. Roberts*, 62 Ohio St.2d 170, 175 (1980). *See also Brooks* at 193-194 (noting that the defendant did not suffer prejudice because the evidence "not only was direct and uncomplicated as to each indictment, but it also was amply sufficient to sustain each verdict, whether or not the indictments

were tried together."). Circumstantial evidence can be "simple and direct" for purposes of joinder. *See*, *e.g.*, *State v. Sadler*, 9th Dist. Summit No. 23256, 2006-Ohio-6910, ¶ 9.

{¶17} To overcome Mr. Carter's alleged prejudice, the State maintains that the evidence presented during the second trial was simple and direct. This Court agrees. Evidence related to the kidnapping case consisted of the Akron police officer who responded to the report of a naked, injured man at a business on Hazel Street. That officer explained that the victim, S.E., appeared to be in a state of emotional distress and recounted the statements that S.E. made to him. S.E. also testified, explaining the circumstances that led to the kidnapping and his escape. He acknowledged that he identified Mr. Carter with certainty as one of the perpetrators, but he also admitted that he later wrote a letter from jail under duress that denied Mr. Carter's involvement. Other Akron police officers testified regarding Mr. Carter's arrest and the evidence that they seized from the vehicle that he was driving at the time. Different Akron police officers responded to, and testified regarding, the shooting incident. The victim, S.D., described what happened on the morning that he was shot. S.D. testified that his step-grandson identified Mr. Carter as the shooter. S.D. stated that he had a clear look at the shooter and identified Mr. Carter at trial. S.D. and a detective testified about the administration of a photo array while S.D. was hospitalized, and both acknowledged that S.D. identified a different individual from that array.

{¶18} The circumstances surrounding the kidnapping and shooting incidents, including the dates, locations, and victims, were therefore distinct. *See Ecker* at ¶ 18, quoting *State v. Hamblin*, 37 Ohio St.3d 153, 159 (1988). *See also State v. Slater*, 9th Dist. Summit No. 28648, 2018-Ohio-2566, ¶ 22. There was little overlap between the witnesses who testified regarding each respective set of charges. *See*, *e.g.*, *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, ¶ 110. Although some witnesses had to be presented out of order, the evidence was not complicated

and was presented in an orderly manner. *See State v. Lewis*, 6th Dist. Lucas Nos. L-09-1224, L-09-1225, 2010-Ohio-4202, ¶ 33 (noting that Ohio courts find no error when "evidence is presented in an orderly fashion as to the separate offenses or victims without significant overlap or conflation of proof.").

{¶19} Accordingly, this Court concludes that even if Mr. Carter was able to affirmatively demonstrate prejudice as a result of joinder, the evidence in the respective cases was simple and direct. *See Lott*, 51 Ohio St.3d at 163. The trial court did not abuse its discretion by trying the kidnapping and shooting cases together, and Mr. Carter's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGE LEVIED AGAINST MR. CARTER IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶20} In his third assignment of error, Mr. Carter argues that his conviction for having a weapon under disability as a result of the first trial of the kidnapping case on Count Ten was not supported by sufficient evidence. This Court does not agree.

{¶21} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it

allows the trier of fact to reasonably conclude that the essential elements of the crime were proved beyond a reasonable doubt. *Id*.

{¶22} R.C. 2923.13(A)(2), which prohibits having a weapon while under a disability, provides that "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any felony offense of violence * * *." A "firearm," for purposes of this section, is "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant." R.C. 2923.11(B)(1). This definition "includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." *Id.* The trier of fact may rely on circumstantial evidence in determining whether a firearm meets this standard, "including, but not limited to, the representations and actions of the individual exercising control over the firearm." R.C. 2923.11(B)(2).

{¶23} With respect to Count Ten, the State introduced a photograph that depicted Mr. Carter holding two handguns to his own head. The photograph was extracted from a mobile phone that used Mr. Carter's e-mail address, and a "very rare" DNA profile obtained from the mobile phone was consistent with Mr. Carter's known profile. A detective from the Akron Police Department testified that the serial number was visible on the gun depicted in Mr. Carter's left hand, and he explained that he was able to identify the gun as one that had been reported stolen through the Elyria Police Department. An Elyria police officer testified that he received a report of a stolen gun on May 23, 2018. He confirmed that the serial number of the stolen gun matched the gun depicted in the photograph. That officer also testified that the gun appeared from the photograph to be operable. The gun itself was not admitted into evidence because it had never been recovered.

{¶24} In addition, the owner of the gun identified it from the photograph and testified that he had fired the gun. This case is, therefore, distinguishable from *State v. Johnson*, 9th Dist. Lorain No. 14CA010688, 2016-Ohio-872, ¶ 13, in which this Court concluded that the State did not present sufficient evidence that stolen guns were "firearms" for purposes of R.C. 2923.11(B)(1) when the owner "never testified what he used the guns for or whether they had ever been fired." *Id.* citing *State v. Boyd*, 6th Dist. Lucas No. L-97-1366, 1998 WL 833534, *3 (Dec. 4, 1998). *Compare State v. Robinson*, 6th Dist. Sandusky No. S-20-013, 2020-Ohio-6978, ¶ 30; *State v. Hous*, 2d Dist. Greene No. 02CA116, 2004-Ohio-666, ¶ 39-40.

{¶25} Viewing this evidence in the light most favorable to the State, the jury could reasonably have concluded, beyond a reasonable doubt, that the gun depicted in the photograph was a "firearm" as defined in R.C. 2923.11(B)(1). Mr. Carter's conviction for having a weapon while under disability charged in Count Ten is supported by sufficient evidence, and his third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

MR. CARTER'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE POSSESSION [*SIC*] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶26} Mr. Carter's second assignment of error argues that his conviction for having a weapon under disability as charged in Count Ten is against the manifest weight of the evidence.[2] This Court does not agree.

---

[2] Although the conclusion of Mr. Carter's second assignment of error maintains that "the State failed to prove beyond a reasonable doubt that [he] committed the offense of having a weapon under disability in either counts [*sic*][,]" Mr. Carter has made no argument related to his other conviction for having a weapon under disability in the kidnapping case.

**{¶27}** When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

**{¶28}** With respect to his conviction on Count Ten, Mr. Carter maintains that the evidence was unpersuasive in demonstrating that the gun depicted in the photograph was a "firearm" as defined by R.C. 2923.11(B)(1). Specifically, he argues that although the owner of the gun testified that he had fired it, he did not attach a timeframe to that testimony relative to the theft. Mr. Carter also argues that although the Elyria police officer testified that the gun appeared to be operable in the photograph, he acknowledged that the firing pin was not visible. With respect to the police officer's testimony, Mr. Carter also points to the testimony of Detective Tony Starvaggi, who agreed that the operability of a gun cannot be determined based on a photograph. Mr. Carter further notes that the photograph depicts him with the gun pointed at his own head, and there was no testimony that he used the gun in a way that communicated implicitly that it could be fired.

**{¶29}** Mr. Carter's arguments attack the credibility of the evidence related to whether the gun in the photograph was operable. This Court must "'consider[] the credibility of witnesses'" as part of our manifest weight review. *Thompkins* at 387, quoting *Martin* at 175. Nonetheless, this Court is mindful of the well-established principle that a trier of fact enjoys the best position to assess the credibility of witnesses. *State v. Rivera*, 9th Dist. Lorain No. 18CA011263, 2019-Ohio-62, ¶ 39, quoting *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. Given the

evidence in this case, this Court cannot conclude that Mr. Carter's conviction for having a weapon under disability, as charged in Count Ten, was against the manifest weight of the evidence.

**{¶30}** Mr. Carter's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO PROVIDE THE APPELLANT WITH HIS RIGHT TO PROPER ALLOCUTION PRIOR TO THE IMPOSITION OF HIS PRISON SENTENCE IN VIOLATION OF R.C. 2929.19(A) AND CRIM.R. 32(A).

**{¶31}** In his fourth assignment of error, Mr. Carter has argued that the trial court erred by sentencing him for Count Ten without providing him the opportunity for allocution. This Court agrees.

**{¶32}** Crim.R. 32(A)(1) imposes an affirmative requirement upon trial courts to "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." *State v. Campbell*, 90 Ohio St.3d 320 (2000), paragraph one of the syllabus. *See also* R.C. 2929.19(A) (providing that before imposing sentence, a trial court "shall * * * ask the offender whether the offender has anything to say as to why sentence should not be imposed * * *."). The requirements of Crim.R. 32(A) are unambiguous. *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 10. This inquiry "is much more than an empty ritual: it represents a defendant's last opportunity to plead his case or express remorse." *State v. Green*, 90 Ohio St.3d 352, 359-360 (2000). Consequently, trial courts must "painstakingly" adhere to the requirements of Crim.R. 32(A). *Id.* at 359.

**{¶33}** When a trial court fails to comply with the requirements of Crim.R. 32(A), this Court must remand for resentencing. *State v. Johnson*, 9th Dist. Summit No. 28268, 2017-Ohio-913, ¶ 9. *See generally Campbell* at paragraph three of the syllabus (requiring resentencing in the absence of harmless or invited error). Nonetheless, a trial court's failure to provide the opportunity

for allocution required by R.C. 2929.19(A) and Crim.R. 32(A) may be harmless error when counsel speaks and the defendant receives a sentence that is minimal or statutorily mandated. *Akron v. Lewis*, 9th Dist. Summit No. 30166, 2022-Ohio-3468, ¶ 33, quoting *State v. Reese*, 6th Dist. Lucas No. L-17-1132, 2018-Ohio-2981, ¶ 39.

{¶34} The trial court sentenced Mr. Carter for his conviction on Count Ten during a pretrial conducted on April 10, 2019. During the course of that pretrial, the trial court considered whether the kidnapping and shooting cases should be joined, set both cases for trial, and informed counsel that a visiting judge would preside. The trial court then informed Mr. Carter that because a visiting judge would preside over the trial, he would be sentenced immediately. The trial court sentenced Mr. Carter to consecutive prison terms of thirty-six months for having a weapon under disability and fifty-four months in prison for a firearm specification. The trial court did not comply with Crim.R. 32(A)(1) or R.C. 2929.19(A).

{¶35} We cannot conclude that this error was harmless. Mr. Carter agrees that the prison term imposed for the firearm specification was mandatory and that the trial court was required to impose his sentence for the specification consecutively. With respect to the conviction for having a weapon under disability, however, the sentence imposed by the trial court represented the maximum applicable prison term. *See* R.C. 2929.14(A)(3)(b). Consequently, this Court must vacate Mr. Carter's sentence with respect to Count Ten and remand this matter for resentencing on that conviction.

{¶36} Mr. Carter's fourth assignment of error is sustained.

III.

{¶37} Mr. Carter's first, second, and third assignments of error are overruled. His fourth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is

affirmed in part and reversed in part. This matter is remanded to the trial court for resentencing as set forth in this opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.